Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-1978

THE DO CORPORATION; DANIEL SILVA,

Plaintiffs, Appellants,

v.

PAUL J. SHASTANY; TOWN OF STOUGHTON; JOHN M. ANZIVINO;
CYNTHIA A. WALSH; STEPHEN G. ANASTOS; ROBERT J. O'REGAN;
THOMAS J. RECUPERO; MICHAEL HARTMAN,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Kayatta, Circuit Judges.

Anthony Ivan Wilson for appellants.
Jackie Cowin, with whom Janelle M. Austin and Kopelman and
Paige, P.C. were on brief, for appellee Paul J. Shastany.
Thomas R. Donohue, with whom Leonard H. Kesten, Deidre Brennan
Regan, and Brody, Hardoon, Perkins & Kesten, LLP were on brief,
for appellees Town of Stoughton, John M. Anzivino, Cynthia A.
Walsh, Stephen G. Anastos, Robert J. O'Regan, Thomas J. Recupero,
and Michael Hartman.

January 11, 2017

**Per Curiam.** After carefully considering on de novo review the record and the briefs on appeal, as well as oral argument by counsel, we affirm for substantially the same reasons as those stated by the district court. There were numerous and escalating incidents of violence, including most notably a shooting, in and around the "Whiplash" nightclub that plaintiffs owned and operated. The nature and frequency of those incidents preclude any reasonable factfinder from concluding that the proffered comparators were similarly situated in all relevant respects. See Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013). Additionally, the police chief's accurate factual descriptions of a change in the type of music played at the club and the urban origin of many patrons attracted by certain disc jockeys were germane to answering a question asked of the chief concerning the circumstances coincident with the escalation of violence at the club, were similar to the descriptions provided by plaintiffs themselves, and, in context, provide too thin of a reed to support a reasonable finding that impermissible discrimination rather than obvious public-safety considerations motivated the challenged restrictions.

Affirmed. See 1st Cir. R. 27.0(c).